O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JUANITA NUNN,                              )        CASE NO. ED CV 07-01326 (RZ)
                                           )
                    Plaintiff,             )
                                           )        MEMORANDUM OPINION
            vs.                            )        AND ORDER
                                           )
MICHAEL J. ASTRUE, Commissioner            )
of Social Security,                        )
                                           )
                    Defendant.             )
                                           )

            Plaintiff seeks review of the Commissioner's decision denying her application

for Social Security disability benefits.  The Commissioner's delegate, the Administrative

Law Judge, found that Plaintiff could perform her past relevant work as a child care

worker, and accordingly, the Administrative Law Judge halted his analysis at Step Four of

the five-step evaluation procedure.  *See Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003).

The Administrative Law Judge erred in his analysis, and the matter therefore is remanded.

            Plaintiff first complains that the residual functional capacity found by the

Administrative Law Judge is inconsistent with the evidence upon which he relied.  In that

evidence, Plaintiff described the job of child care worker as requiring her to walk, stand,

sit, climb, stoop, kneel, crouch, crawl, handle big objects and reach, for eight hours each.

[AR 55]  The Administrative Law Judge found that Plaintiff had a residual functional

capacity "to stand and/or walk for about six hours and sit for about six hours during an

eight-hour workday," [AR 13] and said that, with this residual functional capacity, Plaintiff was able to perform the job of child care worker as she had described it.   [AR 15] Obviously, however, no one caring for children performs *each* of the ten tasks for eight hours straight in a single day.  It is a reasonable interpretation of the evidence that, if a person could stand and/or walk for six hours, that would be sufficient insofar as those tasks are concerned, with the other two hours taken up with other tasks; thus, she might stand for six hours and sit for two, or sit for six hours and stand for two, or some other combination. The Court does not find this assignment of error as persuasive.

Plaintiff also challenges the Administrative Law Judge's utilization of the consultative examination by Dr. Lin.  The Administrative Law Judge wrote that "while Dr. Lin assessed limitations generally consistent with the residual functional capacity established herein, he did state that the claimant could only stand or walk for four hours during an eight-hour workday." [AR 14]  The statement that "Dr. Lin assessed limitations generally consistent" with the residual functional capacity found by the Administrative Law Judge is not accurate.

The residual functional capacity stated by the Administrative Law Judge was:

I find that the claimant has the residual functional capacity to perform a range of light work as follows:  able to lift and/or carry 20 pounds occasionally and ten pounds frequently; able to stand and/or walk for about six hours and sit for about six hours during an eight-hour workday; cannot climb ladders, ropes or scaffolds, but can frequently climb ramps and stairs; can frequently stoop, kneel, crouch and crawl; can balance occasionally; must avoid concentrated exposure to extreme cold

/ / /

/ / /

/ / /

and extreme heat, humidity, and respiratory irritants such as fumes, odors, dusts, gases, and poor ventilation.

[AR 13]  Dr. Lin's functional assessment was:

> [T]he claimant can lift or carry 20 pounds occasionally and 10 pounds frequently.  She can stand or walk for 4 hours in an 8-hour workday.  She can sit for 6 hours in an 8-hour workday.  Bending, stopping [sic], crouching, kneeling, and climbing can be done occasionally.  There are no manipulative, visual, communicative, or environmental limitations.  She should avoid smoking area and areas with fumes and chemicals.

[AR 176]

Dr. Lin's assessment imposed significantly greater restrictions than the Administrative Law Judge's.  Not only did Dr. Lin restrict Plaintiff from standing considerably more; he also restricted her ability to bend, stoop, crouch, kneel or climb considerably more, finding that she can perform these tasks "occasionally," not "frequently," as the Administrative Law Judge had found.  "Occasionally" and "frequently" are terms of art; occasionally means up to one-third of the time, and frequently means between one-third and two-thirds of the time.  U.S. DEPT. OF LABOR, DICTIONARY OF OCCUPATIONAL TITLES (1991) at 1013.  Being significantly more restrictive in two key areas than the Administrative Law Judge's assessment, Dr. Lin's assessment thus cannot be taken as supportive of the residual functional capacity found by the Administrative Law Judge.

In this Court, the Commissioner defends the Administrative Law Judge's decision not to accept Dr. Lin's functional restrictions in the following way.  First, the Commissioner recites the descriptions of Dr. Lin's examination of Plaintiff.  Then, the

1   Commissioner states that Dr. Lin's opinion was "further contradicted" by two state agency
2   physicians' opinions. Finally, the Commissioner argues that the Administrative Law Judge
3   found that one of the state agency physicians' opinions, that of Dr. Mauro, was well
4   supported by objective findings and not inconsistent with the medical evidence and other
5   record evidence. (Joint Stipulation at 7-8). The Court finds these arguments unpersuasive
6   as a basis for rejecting the opinion of Dr. Lin.

7           The Court presumes that the purpose of reciting various aspects of the
8   examination results was to create the inference that the exam was "benign" [AR 13]. To
9   say that a claimant does not have certain physical problems, however, is not to say that she
10  does not have others; a person can have a strong heart, for example, but still be beset by
11  asthma. Here there is no doubt that Plaintiff is obese, weighing 275 pounds, and being
12  described by doctor as being obese. She described difficulty in walking without wheezing
13  and this occurred even though some of her problems were controlled with medication.
14  Thus, the fact that, in many areas of the physical examination Plaintiff performed capably
15  does not gainsay the doctor's opinion that her ability to stand, bend, stoop, reach, kneel and
16  crawl were more limited than found by the Administrative Law Judge.

17          The two state agency physicians' opinions, to which the Commissioner refers
18  in this Court, were really only one, that of Dr. Mauro; a second physician evaluated
19  Plaintiff's psychiatric ailments, which Plaintiff does not raise in this appeal [AR 190] and,
20  in any event, neither physician examined Plaintiff. "Generally, a treating physician's
21  opinion carries more weight than an examining physician's, and an examining physician's
22  opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246
23  F.3d 1195, 1201 (9th Cir. 2001), *citing Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996)
24  and 20 C.F.R. § 404.1527(d). In this Court, however, the Commissioner argues that the
25  Administrative Law Judge's reliance on Dr. Mauro's opinion is justified because it is
26  supported by other evidence in the record and is consistent with it. As support, the
27  Commissioner cites *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

28

*Andrews* is not this case, however.  In *Andrews* the Court acknowledged that, by regulation and case law, "the conclusion of a nonexamining expert is generally entitled to less weight than the conclusion of an examining physician."  53 F.3d at 1041.  In *Andrews*, however, one non-examining consultant (of *five* such consultants who reached the same conclusion) not only examined the claimant's records but also observed him at the hearing and testified at the hearing.  There also was evidence of polysubstance abuse which rendered the results of psychological tests (on which the examining physician had relied) unreliable, and evidence that the claimant had admitted that he was a skillful manipulator, an admission that made him not credible.  53 F.3d at 1039.  Under these circumstances, the opinion of the nonexamining physician created a conflict with the opinion of the examining physician, and it was the province of the Administrative Law Judge to resolve the conflict.  53 F.3d at 1042.  As the Court subsequently noted in *Morgan v. Apfel*, 169 F.3d 595, 602-03 (9th Cir. 1999), "[t]he opinion of a nonexamining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician," but "[i]n *Andrews*, the fact that the results of psychological testing conducted by the examining psychologist were suspect, as a product of the claimant's drug use, contributed to the ALJ's findings."

The present case contains nothing comparable to the evidence in *Andrews*. Here, the state agency physician merely reviewed records and checked off items on a form. (In other contexts, the Court of Appeals has been critical of "check-off" forms.  *See Batson v. Commissioner of Social Security*, 359 F.3d 1190, 1195 (9th Cir. 2004)).  There was no independent evidence, but simply a different opinion based on the same record — except that the state physician did not examine Plaintiff, observe her, including her breathing and standing and ability to stoop or kneel, and therefore did not have the ability to figure such factors into her assessment.  To say that her opinion is consistent with the other record evidence is simply to say that her opinion, based on the same evidence as the examining physician's opinion, trumps the examining physician's opinion.  Under the authorities noted above, even including *Andrews*, this is not the law.

Under these circumstances, substantial evidence did not back the Administrative Law Judge's determination that Plaintiff could perform her past relevant work as a child care worker, and thus Plaintiff carried her burden at Step Four of the sequential evaluation. The Administrative Law Judge made no assessment at Step Five. Accordingly, the matter is remanded to the Administrative Law Judge for further proceedings. Inasmuch as impairments which affect the ability to stoop and kneel and stand for a particular amount of time are non-exertional, *see Bruton v. Massanari*, 263 F.3d 824, 828 (9th Cir. 2003); *Tackett v. Apfel*, 180 F.3d 1094, 1104 (9th Cir. 1999), the Commissioner or his delegate should consult a vocational expert in making the Step Five determination.

IT IS SO ORDERED.

DATED: July 30, 2008

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE